TROWBRIDGE & JENNINGS *vs.* SANGER.

A writ of error lies to the refusal of the Court below to grant a new trial.

It is an inflexible rule of law, that written evidence is of a higher grade than oral testimony; and, when a writing contains no ambiguity, oral testimony is not admissible to explain or prove it.

If the instrument be ambiguous, its defects may be supplied, or its uncertainty explained. It is competent to prove the date of a receipt by oral testimony, or show it by circumstances connected with the transaction.

Dates, and amounts of receipts, are capable of being proved orally. They are mere defects or omissions, which may properly be supplied by other proof than the instrument itself. The admission of such testimony comports with the rule of written evidence, and goes far to uphold it.

In an action against *partners*, on an account, the partnership of the defendants must be proved.

THIS was an action of assumpsit, tried in Pulaski Circuit Court, in September, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges.

Sanger sued Trowbridge & Jennings, as partners, in assumpsit, on an account for furniture, &c., sold and delivered. The case was tried on the pleas of non-assumpsit, and set-off, and Sanger obtained a verdict for $519 12.

The defendants then moved for a new trial, on affidavits and certain papers, and their motion being overruled, they excepted. The bill of exceptions sets out the evidence, in substance, as follows: The plaintiff's only witness proved the presentation by him to Trowbridge of a bill, precisely like the bill of partnership filed. Trowbridge cast up the bill, and said that if Sanger would deduct $100, he would pay it. He claimed no other credits than those allowed in the bill, but a deduction of $100 for mattresses which were too short. The bill was in the hand-writing of Sanger. Witness presented two bills, but did not recollect their respective amounts. They were presented at different times. The bill filed in the case was presented last; was positive there was no credit for $234 in the last bill; and did not remember as to there being such a credit on the first. Trowbridge said nothing about rather paying than having a law-suit. Witness delivered two loads of mattresses, but did not say to whom, and one dozen chairs.

The mattresses had each a small hole in the end, which it might have required two minutes to sew up. Such a hole is generally left in mattresses. The account so proven was for $644, with a credit of $140.

The defendants then offered a receipt, signed by Sanger, and attached, by a wafer, to an account of Trowbridge & Jennings, against Sanger. The receipt bore no date, and was in these words: "Received, of R. Jennings, the sum of five hundred dollars, to apply on account of Trowbridge & Jennings." The above amount is in full for the said five hundred dollars. The Court refused to permit the receipt to be read in evidence, and the defendants saved the point, but took no bill of exceptions until after the motion for a new trial was overruled. No other evidence was given.

The Court instructed the jury, that it was necessary for the plaintiff to have proved that Trowbridge & Jennings were partners, and that positive proof was not required to establish that fact, but it might be inferred by the jury from circumstances. No exception was taken to these instructions.

The defendants moved for a new trial, because the verdict was against law, evidence, and the instructions of the Court, the discovery of new evidence, and the error of the Court in excluding the receipt from the jury.

Trowbridge's affidavit, presented with this motion, stated that, since the trial, he had discovered that Wm. Caldwell was a material witness for him, and could give testimony material to the issue; and that, before the trial, he did not know that Caldwell knew any thing about it; that he had told him, since the trial, that Sanger had told him, in 1840, that Trowbridge & Jennings did not owe him much; that Jennings had paid him five hundred dollars for Trowbridge & Jennings, which payment he considered better than Arkansas money; that he intended to take Caldwell's testimony, but he left on a steam-boat before he did so; believes he can procure it, &c. He further stated, that, since the trial, he had discovered, among the papers of a suit before commenced in the same Court, by Sanger, against Trowbridge & Jennings, and dismissed, a bill against them, in Sanger's handwriting, in which he claimed a balance of only $204 50, which bill he believes to be the same one spoken of by the witness in the case,

as presented by him to Trowbridge; and in it is an item, as follows: "Balance due on Mr. Jennings' account, $234, and a credit for $500; that he made vigilant search for the bill, and was unable to find or discover it until after the trial; that, in the dismissed suit, Sanger had made an affidavit that only $220 was due him from Trowbridge & Jennings, which affidavit was made February 16, 1841.

The account, which Trowbridge *could not find* before the trial, was attached to, and made part of, a deposition taken by him and Jennings, in the dismissed suit, and on file in that suit. The deponent stated that he procured mattresses of Sanger for them; that one Devinney was owing them $107, of which Sanger agreed to pay them $100, (credited on the bill of particulars); that the mattresses were open at one end, and Sanger said he would send a person to sew them up, which he did not do. That England (the witness in the case) presented him a bill of Sanger's, against Trowbridge & Jennings, showing a balance due Sanger of $204 50. The bill, so referred to, was filed, and is the same one mentioned in Trowbridge's affidavit. The defendants sued their writ of error.

*Hempstead & Johnson*, for the plaintiffs.

*Pike & Baldwin, Trapnall & Cocke*, contra.

A writ of error for the refusal of a court to grant a new trial, did not lie, at common law; the granting of such new trial, in any case, being a matter of discretion. *Henderson vs. Moore*, 5 *Cranch*, 11. *Marine Ins. Co. vs. Young*, 5 *Cranch*, 187. *Weich vs. Mandeville*, 7 *Cranch*, 152. *Barr vs. Gratz*, 4 *Wheat.* 220. *U. S. vs. Daniel*, 6 *Wheat.* 542. *McLanahan vs. Un. Ins. Co.*, 1 *Peters*, 183. *U. S. vs. Buford*, 3 *Peters*, 31. *U. S. vs. Gibert*, 2 *Sumn.* 52. *Whiteside vs. Jackson*, 1 *Wend.* 423. *Reynard vs. Brecknell*, 4 *Pick.* 303. *The People vs. Haynes*, 14 *Wend.* 554. *The People vs. Dalton*, 15 *Wend.* 583. *Anderson vs. The State*, 5 *Har. & John.* 174. *McCourry vs. Doremus & Suydam*, 5 *Hals.* 245. *Carpenter vs. Gookin*, 2 *Verm.* 295. *Chase vs. Davis*, 7 *Verm.* 479. *Lewis vs. Hawley*, 1 *Day*, 50. *Bloss vs. Kittredge*, 5 *Verm.* 30. *Magill vs. Lyman*, 6 *Conn.* 60. *Phleming vs. The State*, 1 *Ala.* 42. *Law vs. Merrils*, 6 *Wend.* 278. *Burke vs.*

Young, 2 Serg. & R. 383.    Burd vs. Landsdale, 2 Binn. 80.    Wright vs. Small, ib. 93.    Granger vs. Bissel, 2 Day, 364.    Lewis vs. Hawley, 1 Conn. 49.    White vs. Trinity Church, 5 Conn. 187.    Gamer et al. vs. Crenshaw, 1 Scam. 143.    Sawyer vs. Stephenson, Breese, 6. Cornelius vs. Boucher, ib. 12.    Clemson vs. Kamper, ib. 162.    Collins vs. Claypole, ib. 164.    Street vs. Blue, ib. 201.    Adams vs. Smith, ib. 221.    Vernon vs. May, ib. 229.    Littletons vs. Moses, Breese's App. 9.    The rule, in Illinois, was changed, in 1837, by statute.    All which cases are express upon the point, and treat it as a matter about which there can be no controversy.

The proper office of a writ of error is, to remove the final judgment, with the premises, which are, "the pleadings between the parties, the proper concurrence of the writ and process, the finding of the jury upon an issue of fact, if any such has been joined, and, lastly, the judgment of the inferior court." By all the Judges of England, in Mellish vs. Richardson, 9 Bing. 125.

Again, upon a writ of error, the decisions of a court or jury, on questions of fact, cannot be reviewed where there has been no erroneous decision on matters of law.    The testimony, as well as the law, cannot be submitted to the revision of this Court, upon error.    A motion for a new trial is not a part of the proceedings in a cause.    It is addressed to the discretion of the Court below.    A court of error cannot weigh evidence.    Cases cited above, and Graham vs. Cammann, 2 Caine's R. 168; Carver vs. Jackson, 4 Pet. 80; Parsons vs. Armor & Oakley, 3 Pet. 425; People vs. Superior Court of New-York, 20 Wend. 664; U. S. vs. Duval, 6 Wheat. 542.

By moving for a new trial, the defendants waived all exceptions taken on the trial.

The bill of exceptions is irregular.    A bill of exceptions is never allowed to detail the evidence, but its office is to state the facts proved, not the evidence which proved them.    The People vs. Dalton, 15 Wend. 581.

By the Court, LACY, J.

The rejection of the receipt constitutes the principal ground in support of the motion for a new trial.    It is certainly an inflexible rule

Trowbridge & Jennings *vs.* Sanger.

of law, that written evidence is a higher grade of proof than oral testimony; and that, where the writing itself contains no ambiguity, in such cases, oral testimony is not admissible to explain or prove it. This rule, however, is not contravened, but expressly recognized by the principle that, if there is ambiguity in the instrument, then it is admissible to explain its uncertainty, or to supply its deficiency. In this case, it was certainly competent to have proved the date of the receipt by oral testimony, or to have shown it by circumstantial evidence connected with the transaction.

The receipt was given in payment of Trowbridge & Jennings' account, the signature of Sanger was proved, and, if there had been satisfactory evidence given as to its date, (for aught that we can know), it might have established the discharge of Sanger's account, or at least so much of it as it purported to pay. Dates, and amounts of receipts, are capable of being proved orally, and it is the daily practice of courts of justice to permit it. They are merely defects or omissions, which may be properly supplied by other proof than the instrument itself; and the admission of such testimony comports with the rule of written evidence, and goes far to uphold it. The Court, then, certainly erred in rejecting the receipt as evidence; and, as the party's rights may have been materially prejudiced by this error, a new trial should have been awarded, upon that ground alone.

Besides, we have looked into the evidence as presented by the record, and there is certainly no very satisfactory proof showing the partnership of Trowbridge & Jennings. Their liability depended upon their copartnership. This fact the declaration charged, and the plaintiff was bound to prove it by competent testimony. It was a substantial fact, capable of being established either by the partnership agreement itself, or by other acts and circumstances of a clear and explicit character, which would remove all difficulty upon the subject. We deem it unnecessary to analyze the testimony given upon this point, because we have already shown that the party was entitled to a new trial on other grounds.

Reversed, and a new trial awarded.